IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOSEPH NEAL JONES, #2036232, § § § | |
| Petitioner, § § | |
| v. § | Case No. 6:19-cv-206-JDK-KNM |
| § § | |
| DIRECTOR, TDCJ-CID, § § § | |
| Respondent. § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Joseph Neal Jones, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2015 conviction in Smith County, Texas. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On May 9, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice. Judge Mitchell also recommended that a certificate of appealability be denied. Docket No. 28. Petitioner filed objections and a motion for a certificate of appealability. Docket Nos. 34, 36. For the reasons explained below, Petitioner's objections are overruled and his motion for a certificate of appealability is denied.

## I. BACKGROUND

On October 15, 2015, following a jury trial, Petitioner was sentenced to thirty years' imprisonment for one count of aggravated robbery, with an affirmative finding that he possessed a firearm. Docket No. 17 at 2913. Petitioner filed a direct appeal, and the Twelfth Court of Appeals affirmed the conviction in a written opinion. *See Jones v. State*, 2016 WL 4379498 (Tex. App.—Tyler, Aug. 17, 2016, pet. ref'd). The Texas Court of Criminal Appeals subsequently denied his petition for discretionary review on April 5, 2017. On September 20, 2017, Petitioner filed a state habeas application—which was denied on January 30, 2019, without a written order on the findings of the trial court and without a hearing.

Petitioner raises five claims for relief in his federal petition. Specifically, he maintains that trial counsel was ineffective for (1) abandoning a previously filed motion to suppress, (2) failing to investigate police reports and discovery materials, (3) failing to investigate a constitutional error concerning a juror, and (4) failing adequately to investigate juror misconduct. Petitioner also asserts that he is actually innocent. Judge Mitchell addressed each of these grounds and determined that Petitioner failed to show that the state habeas court's rejection of his claim was unreasonable or contrary to federal law.

## II. LEGAL STANDARDS

### A. Federal Habeas Review

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable

to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not

whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness, and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

### B. Ineffective Assistance of Counsel

To show that trial counsel was ineffective, Petitioner must demonstrate both deficient performance and ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). In evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice." *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different. *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687)). It is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694. Importantly, the petitioner alleging ineffective assistance must show both deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's

4

claim.") (internal citation omitted).  Given the already highly deferential standard under AEDPA, establishing that counsel was ineffective "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles*, 736 F.3d at 389 ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

### III. ANALYSIS

Petitioner's objections revolve around his challenge to his criminal conviction based on a variety of alleged Fourth Amendment violations that he argues his trial counsel mishandled.  He maintains that counsel was ineffective for abandoning a motion to suppress that should have argued that (1) law enforcement "entered" his vehicle by testing keys without a warrant; (2) the warrant for his vehicle was defective; (3) a cellphone is not an "electronic device" under Texas law; and (4) the warrant for his cellphone was defective.  Further, Petitioner argues that his interview violated his Miranda rights, he was denied a fair trial through juror misconduct, and he is actually innocent.

The Magistrate Judge correctly determined that Petitioner's habeas petition is without merit. *See, e.g., Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558–59 (2018) (explaining that "a [f]airminded jurist could conclude that counsel's performance was not deficient because counsel reasonably could have determined that the motion to suppress would have failed.").  As an initial matter, the Court notes that it is not this Court's burden to offer "facts or law to dispute" Petitioner's habeas claims.  Rather, under AEDPA, Petitioner must demonstrate that the state court's

adjudication of his claims was unreasonable or contrary to law. *See Pleasant v. Lumpkin*, 2022 WL 1486780, at *4 (May 11, 2022) ("A habeas petitioner bears the burden 'of rebutting the presumption of correctness by clear and convincing evidence.'") (citing 28 U.S.C. § 2254(e)(1)).

Petitioner's conviction was affirmed on direct appeal, and the appellate court issued an opinion overruling his argument that counsel was ineffective for failing to proceed with the motion to suppress. The appellate court determined that Petitioner "failed to rebut the presumption that trial counsel's actions were based upon a reasonable decision." *Jones*, 2016 WL 4379498, at *4. Moreover, during the state habeas proceedings, Petitioner's trial counsel supplied a detailed affidavit explaining that the search was lawful and that he explained the lawfulness of the search to Petitioner. Trial counsel specifically explained that he believed that there was no merit to the motion to suppress, that he disagreed with Petitioner's previous trial counsel, and that he did not discover an illegal search and seizure in Petitioner's case. Trial counsel further stated that the decision to withdraw the motion to suppress was based on both the law and the facts.

Agreeing with trial counsel that the motion to dismiss was meritless, the state habeas court specifically found that trial counsel's decision to withdraw the motion to suppress was not ineffective assistance of counsel. The state habeas court explained that even if counsel had not withdrawn the motion, the court would have denied it. As Judge Mitchell explained, given trial counsel's good faith disagreement with the merits of the motion to suppress coupled with the state

6

habeas court specifically finding that it would have denied the motion, Petitioner has not met his burden on federal habeas review. *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) ("Additionally, under § 2254(e)(1), a state court's determination of a factual issue must be presumed correct, and the habeas petitioner bears the burden of rebutting the presumption by clear and convincing evidence. The presumption is especially strong when the state habeas court and the trial court are one in the same.").

Thus, Petitioner has shown neither a constitutional violation nor that the state court's adjudications of his claims were unreasonable or contrary to federal law. *See Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021) ("To obtain federal *habeas* relief, the petitioner must prove that the state court's decision was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for reasonable disagreement.") (internal quotation marks omitted); *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("But again, this is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable—whether it was so lacking in justification as to remove any possibility for fairminded disagreement.") (internal quotation marks omitted).

Petitioner's motion for a certificate of appealability is also without merit. "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Rather, under 28 U.S.C. § 2253(c)(1), he must first obtain a

certificate of appealability from a circuit justice or judge. *Id.* A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the appealability inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336).

Petitioner explains that he seeks a certificate of appealability because this Court erred in failing to grant an evidentiary hearing on his claims of ineffective assistance and actual innocence. But, as explained above, Petitioner has not made a substantial showing of a denial of a constitutional right or demonstrated that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Petitioner is therefore not entitled to a certificate of appealability.

## IV. CONCLUSION

Having conducted a de novo review of the record in this case, the Magistrate Judge's Report, and Petitioner's objections, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections

are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 34) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 28) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** Petitioner's motion for a certificate of appealability (Docket No. 36).

So **ORDERED** and **SIGNED** this **24th** day of **August, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE